# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY<br>Office of the General Counsel<br>2707 Martin Luther King Jr. Ave. SE<br>Washington, DC 20528<br><br>FEDERAL EMERGENCY MANAGEMENT AGENCY<br>500 C Street SW<br>Washington, DC 20472<br><br>and<br><br>U.S. DEPARTMENT OF DEFENSE<br>1600 Pentagon 3E788<br>Washington, DC 20527<br><br>*Defendants.* | Case No. 20-2195 |

## COMPLAINT

1.     Plaintiff American Oversight brings this action against the U.S. Department of Homeland Security, the Federal Emergency Management Agency, and the U.S. Department of Defense under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

1

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendants have failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agencies from continuing to withhold agency records and ordering the production of agency records improperly withheld.

**PARTIES**

5. Plaintiff American Oversight is a nonpartisan, nonprofit section 501(c)(3) organization committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant the U.S. Department of Homeland Security (DHS) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DHS has possession, custody, and control of records that American Oversight seeks.

7.      Defendant the Federal Emergency Management Agency (FEMA) is a component of DHS, an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). FEMA has possession, custody, and control of records that American Oversight seeks.

8.      Defendant the U.S. Department of Defense (DOD) is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DHS has possession, custody, and control of records that American Oversight seeks.

## STATEMENT OF FACTS

*Redirecting Supplies FOIAs*

9.      On April 29, 2020, American Oversight submitted FOIA requests to DOD, FEMA, and DHS via email seeking:

> 1.      All decision memoranda or orders, including but not limited to orders (incl. formal orders or informal instructions provided via email or memoranda) under the Defense Production Act or any other legal authorities, about the rerouting, inspecting, taking priority over, commandeering, seizing, intercepting, diverting, cancelling, or in any other way taking control or possession of equipment, whether temporarily or permanently, (including but not limited to memos justifying or summarizing these actions), that was in or on the way to the following locations:
>
> > i.   Somerset County, New Jersey (on or around Apr. 3, 2020): order of N-95 masks, KN-95 masks, surgical masks
> > ii.  In route to Kentucky from Texas (between March 15 and April 11, 2020): four shipments of protective gear headed to Kentucky hospitals
> > iii. Baystate Health, Springfield, Massachusetts (on or around April 17, 2020): order of three-ply face masks and N-95 respirators
> > iv.  Bellingham's St. Joseph hospital and other PeaceHealth medical facilities in Washington State, Oregon, and Alaska (on or before Apr. 7, 2020): order of test kit materials

3

  v.  Texas Assn. of Community Health Centers (on or before Apr. 7,2020): order of masks
  vi.  Colorado (ordered by the state of Colorado, under the authority of Governor Polis) (on or around Apr. 4, 2020): order of 500 ventilators
  vii.  Kentucky Hospital Association (between March 15 and April 11, 2020): unspecified supplies
  viii.  In route to Delaware from New York's John F. Kennedy (JFK) Airport (between April 1, and Apr. 21, 2020): order of N95respirators and masks by Indutex USA; at least one order, shipment number 8994645378, arrived at JFK on April 6, 2020, and a second order arrived on April 19, 2020

2. All email communications (emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) of specified agency officials regarding any of the following instances in which federal officials reportedly redirected supplies intended for coronavirus response:

  i.  Somerset County, New Jersey (on or around Apr. 3, 2020): order of N-95 masks, KN-95 masks, surgical masks
  ii.  In route to Kentucky from Texas (between March 15 and April 11, 2020): four shipments of protective gear headed to Kentucky hospitals
  iii.  Baystate Health, Springfield, Massachusetts(on or around April 17, 2020): order of three-ply face masks and N-95 respirators
  iv.  Bellingham's St. Joseph hospital and other PeaceHealth medical facilities in Washington State, Oregon, and Alaska (on or before Apr. 7, 2020): order of test kit materials
  v.  Texas Assn. of Community Health Centers (on or before Apr. 7, 2020): order of masks
  vi.  Colorado (ordered by the state of Colorado, under the authority of Governor Polis) (on or around Apr. 4, 2020): order of 500 ventilators
  vii.  Kentucky Hospital Association (between March 15 and April 11, 2020): unspecified supplies
  viii.  In route to Delaware from New York's John F. Kennedy (JFK) Airport (between April 1, and Apr. 21, 2020): order of N95respirators and masks by Indutex USA; at least one order, shipment number

>8994645378, arrived at JFK on April 6, 2020, and a
>second order arrived on April 19, 2020

10. These Redirecting Supplies FOIAs sought all responsive records from February 15, 2020, through the date of the search.

11. American Oversight also asked the agencies to expedite the processing of these requests as "the information requested is urgently needed in order to inform the public concerning actual or alleged government activity."

12. By letter dated April 30, 2020, DOD acknowledged receipt of American Oversight's request, assigned it case number 20-F-1023, granted expedited treatment, and stated that it would not be able to respond within 20 working days because of "unusual circumstances."

13. By letter dated May 1, 2020, FEMA acknowledged receipt of American Oversight's request, assigned it tracking number 2020-FEFO-00665, and referred the request to DHS for review and direct response.[1]

14. By letter dated May 1, 2020, DHS acknowledged receipt of American Oversight's request, granted expedited treatment, and assigned it tracking number 2020-HQFQ-01031.[2]

15. By letter dated May 6, 2020, DHS acknowledged receipt of American Oversight's requests to both DHS and FEMA, granted expedited treatment, indicated that both requests were

---

[1] It is American Oversight's understanding that DHS is currently processing all coronavirus-related FOIA requests on behalf of itself and its component agencies, including FEMA. To be clear, American Oversight believes that DHS and FEMA each likely possess unique records responsive to this request and expects that separate responses should be issued for each agency. Furthermore, in the event that FEMA regains responsibility for processing such requests, American Oversight expects that the requests referenced in this Complaint will then be referred to FEMA for any outstanding processing.

[2] DHS's May 1, 2020 letter also acknowledged receipt of a similar request American Oversight had submitted to U.S. Customs and Border Protection (CBP). American Oversight does not seek to compel a response to that FOIA request through this action and has not named CBP as a defendant.

being processed under tracking number 2020-HQFQ-01031, and explained that it would be coordinating a response to American Oversight's requests to DHS and FEMA.

16. As of the date of this Complaint, American Oversight has not received any further communication from DOD, DHS or FEMA regarding these Redirecting Supplies FOIAs.

*Equipment Requests & Distributions FOIA*

17. On June 18, 2020, American Oversight submitted a FOIA request to DHS and FEMA via email seeking:

> 1. Records sufficient to show protocols, policies, and processes for receiving and tracking requests from states, territories, and the District of Columbia for supplies needed to respond to the novel coronavirus outbreak, including, but not limited to, ventilators, diagnostic equipment, and personal protective equipment (PPE).
>
> 2. Records sufficient to show protocols, policies, and processes for distributing or directing the sale of supplies needed to respond to the novel coronavirus outbreak, including, but not limited to, ventilators, diagnostic equipment, and personal protective equipment (PPE).
>
> 3. Records sufficient to show distributions of personal protective equipment (PPE) from the Strategic National Stockpile (SNS) . . . American Oversight requests daily versions of this spreadsheet for each day from April 23, 2020 through the date of the search, if such records exist.
>
> 4. Records sufficient to show any and all distributions of equipment or supplies from the Strategic National Stockpile (SNS).

18. For items 1 and 2 of this request, American Oversight requested all responsive records from April 20, 2020, to the date the search is conducted.

19. For items 3 and 4 of this request, American Oversight requested all responsive records from April 9, 2020, to the date the search is conducted.

20. American Oversight also asked that the agencies expedite the processing of this request as "the information requested is urgently needed in order to inform the public concerning actual or alleged government activity."

21. By letter dated June 19, 2020, DHS acknowledged receipt of the "Equipment Request & Distributions FOIA," stated that DHS would respond on behalf of itself and FEMA, granted expedited treatment, and assigned it tracking number 2020-HQFO-01294.

22. By letter dated June 26, 2020, FEMA acknowledged receipt of the request, referred it to DHS for review and direct response, and assigned it tracking number 2020-FEFO-00815.

23. By emails exchanged from June 29–30, 2020, DHS asked for confirmation that American Oversight's Equipment Request & Distributions FOIA was a duplicate of a FOIA request previously submitted by American Oversight; American Oversight explained that the request was not a duplicate and described the differences between the two requests, and DHS acknowledged the clarification.

24. As of the date of this Complaint, American Oversight has not received any further communication from FEMA or DHS regarding its Equipment Request & Distributions FOIA.

*VIP Spreadsheet FOIAs*

25. On June 25, 2020, American Oversight submitted FOIA requests to DHS, FEMA, and DOD via email seeking:

> 1. The "V.I.P. Update" spreadsheet reportedly used by FEMA officials and/or private sector volunteers working with the Supply Chain Task Force to track "tips" from political allies and associates of President Trump.
>
> 2. Records used to track, compile, or prioritize information provided by or on behalf of associates, allies, or acquaintances of President Trump or Jared Kushner to officials and/or volunteers,

7

> who have been involved in the cross-agency Supply Chain Stabilization Task Force.
>
> This request would include but is not limited to the "V.I.P. Update" spreadsheet described above. To be clear, American Oversight requests any and all records used to track, compile, or prioritize "tips" or other information, including solicitations or bids, from officials known to be associated with the President or Mr. Kushner.

26. These VIP Spreadsheet FOIAs sought all responsive records from March 13, 2020, through the date of the search.

27. American Oversight also asked that the agencies expedite the processing of the requests as "the information requested is urgently needed in order to inform the public concerning actual or alleged government activity."

28. By letter dated June 26, 2020, DHS acknowledged receipt of the VIP Spreadsheet FOIA, granted expedited treatment, stated that DHS would respond on behalf of itself and FEMA, and assigned the requests tracking number 2020-HQFO-01333.

29. By letter dated July 1, 2020, FEMA acknowledged receipt of the VIP Spreadsheet FOIA, stated that DHS will process the request and provide American Oversight a direct response, and assigned the request tracking number 2020-FEFO-00825.

30. By letter received on July 10, 2020, DOD acknowledged receipt of the VIP Spreadsheet FOIA, granted expedited treatment, assigned it case number 20-F-1296, and stated that it would not be able to respond within 20 days because of "unusual circumstances."

31. As of the date of this Complaint, American Oversight has not received any further communication from DHS, FEMA, or DOD regarding its VIP Spreadsheet FOIAs.

*Exhaustion of Administrative Remedies*

32. As of the date of this Complaint, Defendants DHS, FEMA, and DOD have failed to (a) notify American Oversight of any determinations regarding American Oversight's FOIA

requests, including the full scope of any responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce all of the requested records or demonstrate that the requested records are lawfully exempt from production.

33. Through Defendants' failure to make determinations as to American Oversight's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

34. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

35. American Oversight properly requested records within the possession, custody, and control of Defendants.

36. Defendants are agencies, and components thereof, subject to and within the meaning of FOIA and must therefore make reasonable efforts to search for requested records.

37. Defendants have failed to promptly and adequately review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA requests.

38. Defendants' failures to conduct adequate searches for responsive records violate the FOIA.

39. Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to conduct adequate searches for records responsive to American Oversight's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

40. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

41. American Oversight properly requested records within the possession, custody, and control of Defendants.

42. Defendants are agencies, and components thereof, subject to and within the meaning of FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

43. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce records responsive to American Oversight's FOIA requests.

44. Defendants are wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA requests.

45. Defendants' failures to provide all non-exempt responsive records violate FOIA.

46. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**REQUESTED RELIEF**

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA requests identified in this Complaint;

(2) Order Defendants to produce, within twenty days of the Court's order, or by such other date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: August 11, 2020                Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Katherine M. Anthony*
　　　　　　　　　　　　　　　　　　　　　　　　　　Katherine M. Anthony
　　　　　　　　　　　　　　　　　　　　　　　　　　D.C. Bar No. 1630524
　　　　　　　　　　　　　　　　　　　　　　　　　　Megan C. Field*
　　　　　　　　　　　　　　　　　　　　　　　　　　VA Bar No. 94749
　　　　　　　　　　　　　　　　　　　　　　　　　　*Pro Hac Vice Motion Forthcoming*

　　　　　　　　　　　　　　　　　　　　　　　　　　AMERICAN OVERSIGHT
　　　　　　　　　　　　　　　　　　　　　　　　　　1030 15th Street NW, B255
　　　　　　　　　　　　　　　　　　　　　　　　　　Washington, DC 20005
　　　　　　　　　　　　　　　　　　　　　　　　　　(202) 897-2465

Katherine.Anthony@americanoversight.org
Megan.Field@americanoversight.org
*Counsel for Plaintiff*