UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT, <br><br> *Plaintiff,* <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> *Defendants*. | Civil Action No. 20-2195 (CRC) |

## ANSWER

Defendants, U.S. Department of Homeland Security ("DHS"), Federal Emergency Management Agency ("FEMA"), and U.S. Department of Defense ("DOD"), by and through undersigned counsel, hereby respectfully submit this Answer to the Complaint filed by Plaintiff American Oversight ("Plaintiff"). This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. This case is exempt from the requirements of Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, pursuant to Local Civil Rule 16.3(b)(10) (exempting FOIA actions).

## RESPONSES TO NUMBERED PARAGRAPHS[1]

1.     Defendants admit that Plaintiff brings this action under the FOIA.

## JURISDICTION AND VENUE

2.     Admit.

---

[1] For ease of reference, Defendants replicate the headings contained in the Complaint. Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

3.      Admit

4.      This paragraph contains legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendants deny.

## PARTIES

5.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6.      Defendant DHS admits the first sentence of paragraph 6.  Defendant DHS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 6.

7.      Defendant FEMA admits the first sentence of paragraph 7.  Defendant FEMA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 7.

8.      Defendant DOD admits that it is a department of the executive branch and headquartered in Arlington, Virginia.  Defendant DOD denies that it has possession, custody, and control of records that Plaintiff seeks.

## STATEMENT OF FACTS

*Redirecting Supplies FOIAs*

9.      Defendants admit that Plaintiff submitted FOIA requests to Defendants. The allegations in this paragraph consist of Plaintiff's characterization of its FOIA requests, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the referenced FOIA requests for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.  *See* Exs. A & B.

10.     The allegations in this paragraph consist of Plaintiff's characterization of its FOIA requests.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the referenced FOIA requests for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.  *See* Exs. A & B.

11.     The allegations in this paragraph consist of Plaintiff's characterization of its FOIA requests.  To the extent a response is deemed necessary, Defendants respectfully refer the Court to the referenced FOIA requests for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.  *See* Exs. A & B.

12.     Defendant DOD admits that it acknowledged receipt of Plaintiff's FOIA request by letter dated April 30, 2020.  Defendant DOD respectfully refers the Court to the referenced letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  *See* Ex. C.

13.     Defendant FEMA admits that it acknowledged receipt of Plaintiff's FOIA request by letter dated May 1, 2020.  Defendant FEMA respectfully refers the Court to the referenced letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  *See* Ex. D.

14.     Defendant DHS admits that it acknowledged receipt of Plaintiff's FOIA request by letter dated May 1, 2020.

15.     Defendant DHS admits that is acknowledged receipt of Plaintiff's FOIA request by letter dated May 6, 2020.

16.     Defendants admit the allegations in this paragraph insofar as Defendants have not yet provided a final response to Plaintiff's FOIA requests as of the filing of the Complaint.

*Equipment Requests & Distributions FOIA*

17.     Defendants DHS and FEMA admit that Plaintiff submitted a FOIA request dated June 18, 2020.  The allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, to which no response is required. To the extent a response is deemed necessary, Defendants respectfully refer the Court to the referenced FOIA request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.  *See* Ex. E.

18.     Defendants respectfully refer the Court to the referenced FOIA request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith. *See* Ex. E.

19.     Defendants respectfully refer the Court to the referenced FOIA request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith. *See* Ex. E.

20.     Defendants respectfully refer the Court to the referenced FOIA request for a complete and accurate statement of its contents and deny any allegations inconsistent therewith. *See* Ex. E.

21.     Defendant DHS admits that it acknowledged receipt of Plaintiff's FOIA request on June 19, 2020.

22.     Defendant FEMA admits that it acknowledged receipt of Plaintiff's FOIA request on June 26, 2020.  Defendant FEMA respectfully refers the Court to the referenced letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. *See* Ex. F.

23.     Defendant DHS admits that it exchanged emails with Plaintiff on June 29-30, 2020.

24.     Defendant DHS and FEMA admit the allegations in this paragraph insofar as Defendant DHS and FEMA have not yet provided a final response to Plaintiff's FOIA requests as of the filing of the Complaint.

*VIP Spreadsheets FOIAs*

25.     Defendants admit that Plaintiff submitted FOIA requests dated June 25, 2020. Defendants respectfully refer the Court to the referenced FOIA requests for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.  *See* Exs. G & H.

26.     Defendants respectfully refer the Court to the referenced FOIA requests for a complete and accurate statement of their contents and deny any allegations inconsistent therewith. *See* Exs. G & H.

27.     Defendants respectfully refer the Court to the referenced FOIA requests for a complete and accurate statement of their contents and deny any allegations inconsistent therewith. *See* Exs. G & H.

28.     Defendant DHS admits that it acknowledged receipt of Plaintiff's FOIA request by letter dated June 26, 2020.

29.     Defendant FEMA admits that it acknowledged receipt of Plaintiff's FOIA request by letter dated July 1, 2020.  Defendant FEMA respectfully refers the Court to the referenced letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.  *See* Ex. I.

30.     Defendant DOD admits that it acknowledged receipt of Plaintiff's FOIA request by letter dated July 10, 2020.  Defendant DOD respectfully refers the Court to the referenced letter

for a complete and accurate statement of its contents and denies any allegations inconsistent therewith. *See* Ex. J.

31.     Defendants admit the allegations in this paragraph insofar as Defendants have not yet provided a final response to Plaintiff's FOIA requests as of the filing of the Complaint.

*Exhaustion of Administrative Remedies*

32.     Defendants admit the allegations in this paragraph insofar as Defendants have not yet provided a final response to Plaintiff's FOIA requests as of the filing of the Complaint.

33.     This paragraph contains conclusions of law, not allegations of fact, to which no response is required.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

34.     Defendants incorporate their responses to paragraphs 1-33 above as if set forth fully herein.

35.     This paragraph contains conclusions of law, not allegations of fact, to which no response is required.

36.     Admit.

37.     This paragraph contains conclusions of law, not allegations of fact, to which no response is required.

38.     This paragraph contains conclusions of law, not allegations of fact, to which no response is required.

39.     This paragraph contains conclusions of law, not allegations of fact, to which no response is required.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**

6

**Wrongful Withholding of Non-Exempt Responsive Records**

40.     Defendants incorporate their responses to paragraphs 1-39 above as if set forth fully herein.

41.     This paragraph contains conclusions of law, not allegations of fact, to which no response is required.

42.     Admit.

43.     This paragraph contains conclusions of law, not allegations of fact, to which no response is required.

44.     This paragraph contains conclusions of law, not allegations of fact, to which no response is required.

45.     This paragraph contains conclusions of law, not allegations of fact, to which no response is required.

46.     This paragraph contains conclusions of law, not allegations of fact, to which no response is required.

## REQUESTED RELIEF

This paragraph contains Plaintiff's request for relief, to which no response is required.  To the extent a response is deemed necessary, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted

## SECOND DEFENSE

Some of the information sought by Plaintiff is exempt from release under one or more exemptions of the FOIA.

7

**THIRD DEFENSE**

Plaintiff is neither eligible nor entitled to attorneys' fees or costs.

**FOURTH DEFENSE**

The Court lacks jurisdiction to award relief that exceeds that authorized by the FOIA.

Defendants reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendants through the course of this litigation.

Dated:  September 30, 2020                    Respectfully submitted,


MICHAEL R. SHERWIN
Acting United States Attorney

Daniel F. Van Horn
Chief, Civil Division
D.C. Bar #924092

By:  /s/ Kathleene Molen
KATHLEENE MOLEN
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: (202) 803-1572
Kathleene.Molen@usdoj.gov

*Counsel for Defendants*